**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Alan Tate,<br><br>                Plaintiff,<br>   v.<br><br>Atlantic Credit and Finance, Inc.; The Law Office of John P. Frye, P.C.; and DOES 1-10, inclusive,<br><br>                Defendants. | Civil Action No.: 1:15-cv-13548<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Alan Tate, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Alan Tate ("Plaintiff"), is an adult individual residing in Quincy, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Atlantic Credit and Finance, Inc. ("Atlantic"), is a Virginia business entity with an address of 2727 Franklin Road Southwest, Roanoke, Virginia 24014, operating as a collection agency on behalf of itself and others. Defendant is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.     Defendant The Law Office of John P. Frye, P.C. ("Frye" and together with Atlantic "Defendants"), is a Virginia business entity with an address of 3351 Orange Avenue, Roanoke, Virginia 24012.  Defendant is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Defendants and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Defendants at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.     The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to Defendants for collection, or Defendants were employed by the Creditor to collect the Debt.

11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Defendants Engaged in Harassment and Abusive Tactics

12.    Plaintiff is a business owner.  Within the last year, Defendants contacted Plaintiff on Plaintiff's work and cellular phone numbers attempting to collect the personal Debt.

13.    On multiple occasions, Defendants placed back-to-back collection calls to all 9 of Plaintiff's work office lines, interacting with Plaintiff's employees and disclosing information

regarding the Debt.  Defendants continued the calls despite being told repeatedly by Plaintiff's employees that they were calling a business, that Plaintiff could not be reached and to stop calling.

14. Defendants also called Plaintiff's personal cell phone at a harassing rate of 3 to 5 calls per day.

15. Defendants called Plaintiff from multiple phone numbers, including (540) 767-7800 and (866) 392-3100, a phone number associated with Frye.[1]  On some of the calls, the caller identified itself as Atlantic.  On others, the caller identified itself as Frye.

16. The repeated calls caused Plaintiff to feel harassed and frustrated.

### C. Plaintiff Suffered Actual Damages

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants disclosed the existence of the Debt to Plaintiff's employees.

21. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted Plaintiff's employees multiple times in an attempt to locate Plaintiff.

---

[1] *See* http://www.jpfryelaw.com/ (last visited July 27, 2015) (listing number).

22. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

23. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff and his employees in telephone conversations, with the intent to annoy and harass.

25. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;
4. Punitive damages; and
5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 9, 2015

        Respectfully submitted,

        By   */s/ Sergei Lemberg*

        Sergei Lemberg (BBO# 650671)
        LEMBERG LAW, L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        Attorneys for Plaintiff